BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Public Service Commission for review of Order No. 5078 dated March 23, 1971. The controversy is between Davie Utilities, Inc. and Ferncrest Utilities, Inc. for authority to provide water and sewer service to Everglades, a mobile home community.
On February 8, 1968, Everglades was annexed into the Town of Ferncrest Village. Subsequently, on March 14, 1968, Everglades entered into an agreement with Ferncrest Utilities Company to provide water and sewer services to Everglades. Later, on April 1, 1968, a franchise was granted by the Town of Ferncrest Village to Ferncrest Utilities to provide water and sewer service within the town.
Meanwhile, on February 12, 1968, Davie Utilities, Inc., an established utility in the area[1] had applied to the Public Service Commission for an extension of their territory pursuant to Florida Statutes § 367.08, F.S.A., to include Everglades. On March *216 27, 1968, three days after notification of the agreement between Ferncrest and Everglades, Davie submitted an application for a certificate to provide sewer service for territory including Everglades. On May 20, 1968, the Commission, by Order No. 4363 extended the territory covered by Davie’s certificate to include Everglades.
Davie sought a restraining order prohibiting Ferncrest from installing water distribution lines in the area covered by Dav-ie’s certificate, but the Commission, on August 2, 1968, notified Davie that the Commission had no jurisdiction over Ferncrest. On October 1, 1968, the Commission entered Order No. 4428, for Davie to show cause why territory covered by Certificate No. WS-22 should not be amended to include only that territory served as of December 31, 1967. At this point, three hearings had been held on Davie’s application for sewer certificate. A fourth hearing was held on February 20, 1969, to determine if Ferncrest was a public utility. At this hearing, the president of Davie testified that Davie did not serve Everglades as of December 31, 1967. Following the hearing, Ferncrest Utilities made application for a certificate to operate a water system and a sewer system within the area of the town. This application was made pursuant to the provisions of Florida Statutes § 367.02(7), F.S.A.[2]
On September 8, 1969, the attorneys for Ferncrest, Davie and the Town, stated that an agreement would be worked out. It became apparent, however, that no agreement would be reached and the Commission ordered further hearings which were held on March 20, 1970, and on April 7, 1970. Finally, on June 4, 1970, the Commission issued Order No. 4899, which excluded Everglades from the Davie certificate. Oral arguments were held on Motion to Vacate and Set Aside Order No. 4899 on October 12, 1970. The matter concluded with the Order presently before us for consideration in which the Commission denied the Motion to Vacate and Set Aside Order No. 4899 and granted the application of Fern-crest for certificates authorizing the operation of a water and a sewer system in the territory in question. The Order of the Commission is, in pertinent part, as follows :
“This Commission finds that the meaning of the words used in Section 367.08, Florida Statutes may not be employed as the means by which a utility may take and hold for future use areas that it has not served and thus deny them to other utilities.
“The Legislature devised Section 367.08, to make water and sewer utility service available to residents, businesses and industries in territories abutting but outside the certificated area of a utility without the necessity of prior approval by this Commission.
“Properly employed, this Statute can provide for the normal and appropriate growth of the regulated utility, along with the population growth of the territory surrounding it. Improperly employed, as a territory grabbing device, this Statute could be used as a means by which business and population growth would be discouraged.
*217 “Subsection 367.08(2), Florida Statutes, authorizes the Commission to issue to the applicant ‘an amended certificate describing all territory which it had theretofore been authorized to serve, together with the additional territory served by such extensions.’ This Commission is without jurisdiction to amend a certificate pursuant to the provisions of Subsection 367.08(2), Florida Statutes, to include territory not served.
“Davie’s application pursuant to the provision of Section 367.08, Florida Statutes, requesting territory not actually being served was in violation of the intent of this Statute.
“We further find that before Davie’s application for a certificate to provide water and sewer service to Everglades, that Ferncrest had already received a franchise from the Town and had also entered into an agreement to provide water and sewer service to Everglades. A need for Davie’s services did not exist. “Until Ferncrest made application pursuant to the provisions of Subsection 367.02(7), which provides in its pertinent part ‘. . . any person . . . owning . . . any water or sewer system or both in this state, serving or proposing to serve less than four hundred connections for compensation paid or received directly or indirectly shall upon application to the Commission be classified as a public utility under the provision of this law.’, it is not a public utility.”
The unfortunate circumstances of this case arose due to the Commission’s initially granting, on May 20, 1968, Davie’s request for extension of its service into Everglades,- and then, some two years later, on June 4, 1970, excluding Everglades from the Davie’s certificate. During that two-year period Davie made alterations to its facilities [3] in preparation to serve the area. In the meanwhile, Ferncrest was allowed to construct a facility and obtain a franchise to serve the area from the Town of Ferncrest. The Commission was powerless to prevent the construction of the Fern-crest plant but ultimately assumed jurisdiction to grant a certificate to Ferncrest to serve the area.
The ultimate resolution of the matter by the Commission, however, is supported by Florida Statutes § 367.08, in effect at all times pertinent to the instant case, which provided:
“(2) Annual amendment of certificates. —Every recipient of a certificate of public convenience and necessity issued under the provisions of this law shall file with the commission on or before March 1 in every year, in compliance with such rules and regulations and in such form as the commission may adopt and prescribe from time to time, a description of all additional territory served by extensions of its facilities in the immediately preceding period of January 1, to December 31, inclusive, and the commission shall issue to it an amended certificate describing all territory which it had theretofore been authorized to serve, together with the additional territory served by such extensions. * * , * ”
It is undisputed that Davie’s application filed March 27, 1968, for extension of certificate did not meet the requirements of the foregoing Act as to Everglades, since Davie was not serving that area in the “immediately preceding period of January 1 to December 31.”
Florida Statutes § 367.08 has been since replaced by Florida Statutes § 367.061 which hopefully will avoid situations such as presented in the instant case. The new Act provides for thirty days’ notice and hearing on any objections prior to commencing construction of proposed extensions into territory not covered by another utilities certificate or otherwise receiving service, and the obtaining of an amended *218 certificate prior to commencing extensions into areas served by other utilities. The new Act will allow determinations of disputes such as the instant case prior to the expenditure of funds to extend service in a new area.
A further factor supporting the Commission’s order in the instant case is that the owners and developers of the Everglades Mobile Home Park' and the Town of Fern-crest, by agreement and franchise, respectively, chose to be served by Ferncrest Utilities, Inc.
We have considered the other points raised by petition, including the sufficiency of notice and authority of the Commission to amend a certificate, and find them to be without merit.
Accordingly, having concluded that there has been no deviation from the essential requirements of law, the petition is denied.
It is so ordered.
ROBERTS, C. J., CARLTON and DEKLE, JJ., and MASON, Circuit Judge, concur.

. Davie Utilities initially received a certificate, WS-22 to provide water service in Brevard County in 1960.

. “(7) ‘Public utility’ as used herein means and includes every person, corporation, partnership, association or other legal entity and their lessees, trustees or receivers, now or hereafter either owning, operating, managing, controlling or proposing construction of any water system or sewer system serving or proposing to serve four hundred or more connections for water or sewer service, or both, within this state, directly or indirectly for compensation; * * * povided, however, that any person and any lessee, trustee or receiver now or hereafter owning, leasing, constructing, operating, or managing any water system or sewer system or both, in this state, serving or proposing to serve less than four hundred connections for compensation paid or received directly or indirectly shall upon application to the commission be classified as a public utility under the provisions of this law.”

. These alterations consisted of installing 10-inch mains rather than the customary 8-ineh mains and running a line to the boundary of Everglades.