549 So.2d 1066 (1989)
ST. JOHNS NORTH UTILITY CORP., Appellant,
v.
FLORIDA PUBLIC SERVICE COMMISSION, Sunray Utilities, Inc., and Cordele Properties, Inc., Appellees.
No. 88-2483.
District Court of Appeal of Florida, First District.
September 13, 1989.
*1067 Richard J. Geisert, North Bay Village, Joseph E. Warren, Jacksonville, for appellant.
Susan F. Clark, and William H. Harrold, Tallahassee, for Public Service Com'n, appellee.
B. Kenneth Gatlin and Kathryn G.W. Cowdery of Gatlin, Woods, Carlson & Cowdery, Tallahassee, for Sunray Utilities, Inc., appellee.
JOANOS, Judge.
St. Johns North Utility Corporation (St. Johns) appeals a final order of the Florida Public Service Commission (Commission), granting the application of Sunray Utilities, Inc. (Sunray) for original certificates to provide water and sewer service in a 22,000 acre area known as St. Johns Forest. The issues presented for review are: (1) whether the Commission order conflicts with the prior right of St. Johns to extend service to the subject territory, and (2) whether the Commission order incorrectly includes area that has no need for service. We affirm.
This is the third time this controversy has been before this court. The first appeal pertained to Commission Order No. 17815, dated July 7, 1987, which dismissed Sunray's objection and petition to intervene with regard to St. Johns's notice to extend service, pursuant to section 367.061, Florida Statutes. That order noted that St. Johns had provided proper publication and notice to extend, that Sunray's objection was not timely, and that uncertainty caused by the objection required extending the time for St. Johns to accomplish extension and to apply for amended certificates, to one year from the date of the order dismissing Sunray's objections, i.e., until July 7, 1988. Although Sunray did not appeal the order, Sunray's parent company, ITT Rayonier, Inc., and other affiliates, took an appeal. On June 2, 1988, in Case No. 87-887, this court affirmed the Commission order of July 7, 1987.
On August 28, 1987, fifty-two days after the Commission issued its order dismissing Sunray's objections, Sunray filed an application pursuant to section 367.041, Florida Statutes, for an original certificate to serve an area which would encompass a part of the extension area covered by St. Johns's application. On December 15, 1987, St. Johns filed a motion to dismiss or stay application, urging that Sunray's application constituted an untimely resurrection of Sunray's dismissed objection to the notice of extension filed by St. Johns. The motion was denied, and on February 8, 1988, St. Johns filed a petition for writ of prohibition. This court denied the petition on February 24, 1988.
On February 24-25, 1988, the Commission conducted a hearing on Sunray's application. Sunray presented evidence of a need for service in the Florida-Kentucky Coal parcel of the territory encompassed in its application. Approximately 19,000 acres of the area for which Sunray sought certification is undeveloped timberland. The Rayonier group owns the major portion of this area known as St. Johns Forest.
Cordele Properties, Inc. appeared at the hearing and indicated that it does not desire service by Sunray, and that it will be served by a homeowners' association. The Commission included Cordele's property in the order. Subsequently, Cordele obtained Commission recognition of exempt status for its water and sewer utility system to serve its property.
Both St. Johns and Sunray submitted post-hearing briefs. St. Johns's brief reaffirmed the motion to dismiss or stay application, and noted that, at most, Sunray should be granted a certificate for the one area for which a clear need for service had been shown. Sunray's brief emphasized its financial stability due to its backing by ITT Rayonier, and the advantage of coordinating *1068 development of utility services in accordance with a master plan.
On June 6, 1988, the Commission issued Order No. 19428, denying the motion to dismiss or stay application, and granting Sunray's application to serve the St. Johns Forest area. St. Johns filed a motion for rehearing, noting an apparent conflict with Commission Order No. 14536 with regard to the "clear need for service" issue. On August 29, 1988, rehearing was denied. St. Johns timely appealed.
The first issue raised in this appeal involves the interplay of sections 367.041, 367.051, and 367.061, Florida Statutes. Section 367.061 sets forth the provisions by which an operating utility may extend service outside the territory described in its certificate. Under section 367.061, the utility must provide thirty days notice pursuant to the procedures outlined in section 367.041(4) "before commencing construction of the proposed extension." The section 367.041(4) notice provisions state that an applicant must 
(4) Submit an affidavit that the applicant has caused notice of its intention to file an application to be given:
(a) By mail or personal delivery to the governing body of the county or city affected, to the public counsel, and to the commission; and
(b) to such other persons and in such other manner as may be prescribed by commission rule.
Florida Administrative Code Rule 25-30.030 specifies the information to be included in the notice, as well as the entities which must receive notice, and the manner in which notice must be rendered.
Section 367.041 specifies the procedures to be followed by an applicant for an original certificate. This section, like section 367.061, provides for thirty days notice prior to the filing of an application for a certificate. The notice criteria for issuance of a certificate are set forth in Florida Administrative Code Rule 25-30.035.[1]
Under section 367.051, the Commission is authorized to dispose of an application without a hearing twenty days after its official filing date, if no written objection has been raised to the application. If written objections are filed, or if the applicant is dissatisfied with the disposition, and a request is received for a section 120.57 hearing, the Commission must conduct such proceeding. § 367.051(2), Fla. Stat. (1985).
Section 367.041 was intended for use by a new utility such as Sunray, while section 367.061 was intended for use by an operating utility such as St. Johns. Indeed, in contending that it was entitled to a one-year, competition-free period to construct its proposed extension, St. Johns fails to recognize that there is nothing in the statutory scheme to preclude a simultaneous application for an original certificate by a new utility and an application for extension of service by an existing utility.
This problem was addressed in Davie Utilities, Inc. v. Yarborough, 263 So.2d 215 (Fla. 1972). Davie Utilities, an established utility, applied to the Commission for an extension of its territory pursuant to section 367.08, to include an area which four days before had been annexed into the adjacent town. One month after Davie filed its application for extension, the new area entered into an agreement with another utility company not subject to Commission jurisdiction. Shortly thereafter, the town entered into a franchise agreement with the unregulated utility to provide water and sewer service within the town. Three days after this agreement, Davie Utilities submitted an application to the Commission to provide sewer service for territory which included territory already subject to the agreement with the town. The Commission extended Davie's certificate to include the territory being served by the unregulated utility. When it discovered the other utility agreement, Davie sought a restraining order, but was advised by the Commission that it had no jurisdiction over the other utility. After numerous hearings conducted over a two year period, *1069 the Commission issued an order excluding the disputed territory from Davie's certificate.
In affirming the Commission action, the court observed
It is undisputed that Davie's application filed March 27, 1968, for extension of certificate did not meet the requirements of the foregoing Act as to Everglades, since Davie was not serving that area in the "immediately preceding period of January 1 to December 31."
Florida Statutes § 367.08 has been since replaced by Florida Statutes § 367.061 which hopefully will avoid situations such as presented in the instant case. The new Act provides for thirty days' notice and hearing on any objections prior to commencing construction of proposed extensions into territory not covered by another utility's certificate or otherwise receiving service, and the obtaining of an amended certificate prior to commencing extensions into areas served by other utilities. The new Act will allow determinations of dispute such as the instant case prior to the expenditure of funds to extend service in a new area.
263 So.2d at 217-218.
When read in pari materia, sections 367.041 and 367.061 indicate that in circumstances such as those present in this case, a utility proposing to extend services is still at some risk of expending funds for construction, and then having the new territory certificated to a competing utility. In other words, a utility proposing to extend service pursuant to section 367.061, may commence construction after compliance with the thirty day notice requirements, provided no objection has been filed and the proposed territory is not "described in the certificate of an organizationally unrelated utility, ... is [not] served by a governmental agency, or ... is [not] receiving similar service from any other utility or governmental agency." § 367.061(1), Fla. Stat. (1985). However, pursuant to section 367.041, an applicant for an original certificate may propose to serve the same territory which the extending utility proposes to serve. Other than the thirty day notice requirement common to both statutes, there is no provision in Chapter 367 or its implementing rules which would serve as a complete safeguard against the type of fruitless expenditure which occurred in Davie, and which the Commission recognized as confronting St. Johns during the pendency of Sunray's late-filed objection.
It is well settled that an agency's construction of the statutes and rules which it is charged to administer is entitled to great deference. See Baptist Hospital v. State, Department of Health and Rehabilitative Services, 500 So.2d 620, 623 (Fla. 1st DCA 1986); State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238, 241 (Fla. 1st DCA 1981). Similarly, the court will not substitute its judgment for that of the agency on disputed issues of fact. Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281-82 (Fla. 1st DCA 1985). Although the burden of proof to show that a need for service exists is on the applicant, Stewart Bonded Warehouse, Inc. v. Bevis, 294 So.2d 315, 318 (Fla. 1974), the agency bears the burden of providing a reasonable explanation for inconsistent results based upon similar facts. Failure to do so violates section 120.68(12)(b) and the equal protection guarantees of the Florida and federal constitutions. Amos v. Department of Health and Rehabilitative Services, 444 So.2d 43, 47 (Fla. 1st DCA 1983).
In this case, the Commission asserts that it is Commission policy to determine competing applications, not with reference to which applicant filed first, but on the basis of which utility is better qualified to provide service, and the Commission's statutory duty to determine issues in accordance with the "public interest." § 367.011, Fla. Stat. (1985). Nevertheless, in Order No. 17815, in which the Commission dismissed Sunray's late-filed objections to St. Johns's proposed extension of services, the Commission expressly recognized the uncertainty confronting St. Johns with regard to its proposed extension, as it awaited Commission disposition of the objections filed by Sunray. Due to that uncertainty, the Commission extended St. Johns's deadline for *1070 filing its application for extension to one year from the issuance date of the Commission order. Implicit in this extension is the Commission's recognition that the thirty day notice requirement ostensibly was intended to avoid a Davie-type situation. In other words, it would not be cost efficient for a utility to incur construction costs to extend service to a new territory which ultimately could be awarded to another utility.
The Commission's recognition of St. Johns's tenuous position with regard to Sunray's late-filed objections could be viewed as inconsistent with its subsequent observation that St. Johns had done little planning towards providing the proposed service. However, the record reflects competent substantial evidence to support the Commission's overall assessment that of the two applicants, Sunray demonstrated greater attention to planning and a more stable financial ability to provide service.
Although St. Johns advances an appealing argument that it should be afforded a period of one year, free of competition, to accomplish its extension, the statutory scheme does not require such interpretation. Rather, the notice provision of the statute provides a limited protection to an established utility seeking to extend its service, but affords that same utility no particular safeguard from competition with a new utility seeking an original certificate. While the circumstances of this case are distinguishable from Davie, in that unlike Davie, St. Johns had not expended funds to extend service to the new area, this case also points up the fact that section 367.061 does not preclude entirely the possibility of a Davie-type problem.
In this case, the Commission found a need for service in all of the 22,000 acres known as St. Johns Forest. As St. Johns maintains, the only identifiable need for service in the immediate future is by the Florida-Kentucky Coal properties and the Cordele properties  which were excluded from the proposed service area by subsequent Commission order. However, evidence of potential need was indicated by Sunray's witnesses, who testified that Sunray had been contacted by potential buyers for other portions of its holdings, and that it contemplates simultaneous development of several different areas in the foreseeable future.
The order granting a certificate to Sunray reflects that the Commission was persuaded that Sunray's master plan for development was the most cost efficient approach to provision of water and sewer services. Essentially, the Commission relied on Sunray's averments that much of its land was being made accessible simultaneously. Due to this factor, and the fact that most of the area was owned by Sunray's parent company, the Commission found it important to plan the utility service for the entire area prior to development. In making this determination, the Commission took into consideration the Chapter 380 requirements and the efficacy of an overall plan for orderly development.
In summary, we find that the Commission's decision to grant Sunray's application to serve the 22,000 acre area known as St. Johns Forest is proper in the circumstances of this case. The interpretation of section 367.061 urged by St. Johns is without support in the applicable statutes and rules. Although the thirty day notice provision in section 367.061 affords a limited protection to a utility before it incurs construction costs for a proposed extension of service, under the existing statutory scheme, the notice does little more than alert the extending utility to the existence of a competitor. Thus, St. Johns enjoyed no prior right to the disputed territory. Moreover, valid public policy reasons justify issuance of a certificate to serve the St. Johns Forest area to one qualified provider.
Accordingly, we conclude that the Commission's grant of an original certificate authorizing Sunray to provide service to the St. Johns Forest area is in the public interest, and in accordance with the essential requirements of law. Therefore, the appealed order is affirmed.
SHIVERS, C.J., and ERVIN, J., concur.
NOTES
[1] The Commission properly evaluated the relative merits of the applications submitted by Sunray and St. Johns pursuant to the F.A.C. Rule 25-30.035 criteria.