WOLF, Judge.
Maclen Rehabilitation Center (Maclen) appeals from a final order of the Department of Health and Rehabilitative Services (HRS) denying appellant’s request under the medicaid nursing home reimbursement plan for forgiveness of depreciation recapture upon its sale of a nursing home facility. Maclen raises several procedural points that we find have no merit. In addition, Maclen argues that HRS improperly treated its newly constructed building as a new nursing home for the purpose of calculating forgiveness from depreciation recapture where the new facility replaced a facility which had been operated for 83 months under the same ownership. We find no reversible error in HRS’s determination.
The question in the instant case concerns an interpretation of a portion of The Florida Title XIX Long-Term Care Reimbursement Plan which is incorporated by reference in rule 10C-7.0482, Florida Administrative Code.[1]
The reimbursement plan details the method of calculating the amount of depreciation recapture and explains the calculation of the “forgiveness” factor. The relevant portions of the plan provide:
Section III H.l. Recapture of depreciation resulting from sale of assets. The sale of depreciable assets, or substantial portion thereof, at a price in excess of the cost of the property as reduced by accumulated depreciation, resulting in a gain on sale, and calculated in accordance with Medicare (Title XVIII) Principles of Reimbursement, indicates the fact that depreciation used for the purpose of computing allowable costs was greater than the actual economic depreciation ....
Section III H.l.(a) The gross recapture amount shall be the lesser of the actual gain on the sale allocated to the periods during which depreciation was paid.... The gross recapture shall be reduced by .877193 percent for each month, in excess of 48 months’ participation in the Medicaid program. Additional beds and other related depreciable assets put into service after April 1, 1983 shall be subject to the same 13V2 year depreciation recapture phaseout schedule beginning at the time the additional beds are put into service. The gross recapture amount related to the additional beds shall be reduced by .877193 percent for each month in excess of 48 months’ participation in the Medicaid program subsequent to the date the additional beds were put into service....
The plan provides for the recapture of depreciation resulting from the sale of assets. In determining eligibility for forgiveness of depreciation recapture, HRS utilized the age of the particular asset being depreciated instead of the amount of time the provider had been in the medicaid program. An agency’s interpretation of its rules and the statutes which it is charged to administer is to be given great deference. St. John’s North Utility Corp. v. P.S.C., 549 So.2d 1066 (Fla. 1st DCA 1989). We find that the agency’s interpretation of its rule was not unreasonable. The decision of the agency is affirmed.
BARFIELD, J., and WENTWORTH, Senior Judge, concur.

. Appellant does not challenge the validity of any portion of the plan or the rule which adopted the plan.