BASKIN, Judge.
Dr. Thomas A. Griffith, a veterinarian, appeals a Final Order of the Division of Pari-Mutuel Wagering, Department of Business Regulation [Division]. We affirm.
The Division sought to revoke Dr. Griffith’s Pari-Mutuel Wagering Occupational License.[1] The Division brought an administrative complaint against Dr. Griffith, asserting that he violated Florida Administrative Code Rule 7E-1.006(16),[2] by bringing *931 an unapproved drug, or causing that drug to be brought onto a pari-mutuel facility. The complaint stated that Dr. Griffith provided Yentipulman, an equine medication which contains clenbuterol,[3] to a horse trainer at a pari-mutuel facility. Because clenbuterol was not approved by the Food and Drug Administration [FDA], it could not be prescribed in the United States. Additionally, the complaint stated that Dr. Griffith had admitted giving the trainer the drug, outside the pari-mutuel facility.
Pursuant to a formal hearing, a hearing officer issued a Recommended Order, finding, among other things, that clenbuterol was not a performance-enhancing drug; that clenbuterol was not approved by the FDA; and that Dr. Griffith had admitted giving the trainer the drug, but not on the grounds of a pari-mutuel facility. The hearing officer concluded that Dr. Griffith had not caused the prohibited drug to be brought onto a pari-mutuel facility in violation of the rule.[4] Accordingly, the hearing officer recommended that the complaint be dismissed.
The Division filed exceptions to the Recommended Order, asserting that it had met its burden of establishing, by clear and convincing evidence, that Dr. Griffith had violated Rule 7E-1.006(16), by giving the trainer a proscribed medication knowing that inevitably it would be kept and administered on the grounds of a pari-mutuel facility.
The Division’s Director adopted the exceptions, finding that they were supported by competent substantial evidence, and incorporated them into the findings of fact. The Director rejected the hearing officer’s recommendation that the complaint be dismissed, reasoning that the hearing officer had improperly interpreted Rule 7E-1.006(16). The Director concluded that the Division had met its burden and had demonstrated by clear and convincing evidence that Dr. Griffith had given clenbuterol to the trainer to be administered at the Calder Race Course stables, causing the unapproved drug to be kept at a pari-mutuel facility. The Final Order states:
Causing a drug to be kept on pari-mutuel grounds does not require that Dr. Griffith maintain control over the drug after he gives it to [the trainer]. Rather, it is enough that by giving [the trainer] the [drug], Dr. Griffith knew or should have known the events would require [the trainer] to bring, administer or store the [drug] on pari-mutuel grounds.
Based on its interpretation of Rule 7E-1.006(16), the Division revoked Dr. Griffith’s license.
We are unable to conclude that the Director committed reversible error in revoking Dr. Griffith’s license. This case involves the interpretation of facts in light of an agency’s policies and rules. The standard of review to be applied in such a case was enunciated in McDonald v. Department of Banking & Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977). “[W]here the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer’s findings in determining the substan-tiality of evidence supporting the agency’s substituted findings.” McDonald, 346 So.2d at 579. See § 120.68(7), Fla.Stat. (1989).
In the case before us, the Director was entitled to reject, as erroneous, the hearing officer’s legal conclusion that Dr. Griffith had not caused the forbidden drug to be kept on the grounds of a pari-mutuel facility in violation of the rule. “An agency’s interpretation of its rules and the statutes which it is charged to administer is to be given great deference.” Maclen Rehabilitation Center v. Department of Health & Rehabilitative Servs., 588 So.2d 12, 13 *932 (Fla. 1st DCA 1991); Public Employees Relations Comm ’n v. Dade County Police Benevolent Ass ’n, 467 So.2d 987 (Fla.1985). The Director’s conclusion is supported by the hearing officer’s finding that Dr. Griffith had admitted providing the clenbuterol to the trainer, and the uncontradicted testimony that the sole place where medication was administered to the horses was at their stables within the confines of the pari-mu-tuel facility.
The Director was within his discretion when he determined that this behavior violated the rule. “It is axiomatic that where substantial competent evidence supports the findings and conclusions of the administrative agency and the record discloses neither an abuse of discretion nor a violation of law by the agency, this court should not overturn the agency’s determination.” Cohen v. School Bd. of Dade County, Fla., 450 So.2d 1238, 1241 (Fla. 3rd DCA). Accordingly, the Final Order must be affirmed.[5]
Our decision makes it unnecessary to reach the remaining points on appeal.
Affirmed.

. Pursuant to section 550.10(3)(b), Florida Statutes, (1989), the Division "may deny, suspend, or revoke any occupational license when the applicant for or holder thereof has violated the ... rules and regulations of the division concerning the conduct of persons connected with the racetracks.”

. Rule 7E-1.006(16) provides:
No licensee shall possess or cause to be kept on the grounds of an association any drug or medication which is required by federal or state law to be dispensed by prescription, unless said drug or medication has been validly prescribed and is labeled to indicate that it was validly prescribed.
(Emphasis added.)

. The record demonstrates that Ventipulman relieves a horse of the symptoms of chronic obstructive pulmonary disease. It clears the horse’s breathing passages and facilitates normal breathing.

. Uncontradicted testimony established that the horse receiving the clenbuterol was stabled at a pari-mutuel facility; all medications are administered at the facility.

. We reverse the Director’s order insofar as it adopts the Division’s first and second exceptions. The Division asserted that the hearing officer improperly determined that clenbuterol was not a performance-enhancing drug, and that the drug was given to the trainer off the pari-mutuel facility. The hearing officer’s factual findings are supported by the evidence. Because these are not facts infused by policy considerations, McDonald, 346 So.2d at 579, the agency erred in adopting the exceptions, and striking the hearing officer’s findings. Thus, we strike the first and second exceptions.