# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2048
Lower Tribunal No. 21-002670TTS
_____

**Yewande Smith,**
Appellant,

vs.

**Miami-Dade County School Board,**
Appellee.

An Appeal from the School Board of Miami-Dade County, Florida.

Yewande Smith, in proper person.

Walter J. Harvey, General Counsel, and Christopher J. La Piano, Associate General Counsel, for appellee.

Before EMAS, LOBREE and GOODEN, JJ.

EMAS, J.

Yewande Smith appeals from a final order of the Miami-Dade County School Board, adopting the findings of fact and conclusions of law set forth in the Recommended Order of Administrative Law Judge Darren A. Schwartz, following a two-day hearing.

The final order sustained Smith's demotion from the rank of sergeant with the Miami-Dade Schools Police Department (MDSPD) to school resource officer, concluding that the School Board had just cause to demote Smith for violation of several MDSPD Standard Operating Procedures and School Board Policy.

In G.R. v. Agency for Persons with Disabilities, 315 So. 3d 107, 108 (Fla. 3d DCA 2020) this court explained our standard of review of an agency order:

> We review an agency's conclusions of law de novo and we review the record to determine whether competent substantial evidence supports the agency's decision. A.C. v. Agency for Health Care Admin., [322 So. 3d 1182, 1187 (Fla. 3d DCA 2019)]. In doing so, "we give no deference to agency interpretations of statutes or rules." Id. (citing MB Doral, LLC v. Dep't of Bus. & Prof'l Regulation, Div. of Alcoholic Beverages & Tobacco, 295 So. 3d 850, 853 (Fla. 1st DCA 2020) (noting: "With the passage of article V, section 21 of the Florida Constitution, the previously afforded deference to the agency's interpretation of the statutes it implements has been abolished; our review is de novo.")). See also M.T. v. Agency for Persons with Disabilities, 212 So. 3d 413 (Fla. 3d DCA 2016); A.W. v. Agency for Persons with Disabilities, 288 So. 3d 91 (Fla. 1st DCA 2019).

On appeal, Smith contends generally that the trial court "unknowingly became a victim of fraud" because the School Board did not follow or complete "the required demotion policy and procedure" thus violating Smith's due process rights; and the trial court "made several statutory and factual errors in [its] recommended order including basing its decision on the wrong Florida [] Statutes."

Upon our review, we find no error and affirm. See § 120.68(7), Fla. Stat. (2021) (establishing the parameters of appellate review of the school board's action, providing in pertinent part: "The court shall remand a case to the agency for further proceedings consistent with the court's decision or set aside agency action, as appropriate, when it finds that: . . . (b) The agency's action depends on any finding of fact that is not supported by competent, substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57; however, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact; (c) The fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure . . . ."); Griffith v. Dep't of Bus. Regul., Div. of Pari-Mutuel Wagering, 613 So. 2d 930, 932 (Fla. 3d DCA 1993) ("It is axiomatic that where substantial competent evidence supports the findings and

3

conclusions of the administrative agency and the record discloses neither an abuse of discretion nor a violation of law by the agency, this court should not overturn the agency's determination.") (quoting <u>Cohen School Bd. of Dade Cnty., Fla.</u>, 450 So. 2d 1238, 1241 (Fla. 3d DCA 1984)); <u>see also</u> <u>Allstate Floridian Ins. Co. v. Off. of Ins. Regul.</u>, 981 So. 2d 617, 625 (Fla. 1st DCA 2008) (explaining that in administrative proceedings, the due process requirements of the Florida and Federal Constitutions are satisfied if the accused is informed of the charges against her, has a reasonable opportunity to defend against those charges and the proceedings are conducted in a fair and impartial manner); <u>Williams v. State</u>, 414 So. 2d 509, 511 (Fla. 1982) ("In general, an appellate court may review only those questions properly presented to the trial court. <u>Mariani v. Schleman</u>, 94 So. 2d 829 (Fla.1957). Proper presentation requires a contemporaneous objection. <u>Castor v. State</u>, 365 So. 2d 701 (Fla.1978). Under the test established in <u>Castor</u>, an objection must be specific enough 'to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal.'") (additional quotations omitted); <u>Velazquez v. S. Fla. Fed. Credit Union</u>, 89 So. 3d 952, 956 (Fla. 3d DCA 2012) (citing Fla. R. App. P. 9.200 and noting that an appellate court cannot consider extra-record materials); <u>Rosenberg v. Rosenberg</u>, 511 So. 2d 593, 595 n.3 (Fla. 3d DCA 1987) ("Appellate review is limited to the record

4

as made before the trial court at the time of the entry of a final judgment or orders complained of.  It is entirely inappropriate and subjects the movant to possible sanctions to inject matters in the appellate proceedings which were not before the trial court.").