STATE, *ex rel.* BISCAYNE KENNEL CLUB, INC., v. STATE
RACING COMMISSION OF FLORIDA, *et al.*

170 So. 839.

Opinion Filed November 23, 1936.

*Robert C. Lane* and *Charles H. Hyde,* for Relator;

*T. G. Futch,* for Respondents.

BUFORD, J.—This case is before us on motion to quash
the alternative writ of mandamus and also motion for per-
emptory writ of mandamus pursuant to alternative writ of

mandamus issued by this Court on the 30th day of October, 1936.

The command of the alternative writ addressed to the State Racing Commission of the State of Florida, and to each member thereof as constituting such Commission, was as follows:

"Forthwith to proceed in the performance of your legal duty to convene and. rescind the action taken by you whereby you assumed to fix and set the dates for dog racing in Dade County, Florida, and to apportion such dates for dog tracks in Dade and Broward Counties for the dog racing season of 1936-1937, as determined by the State Racing Commission law, namely, December 1, 1936, to April 10; 1937, apportioning such dates in a fair and impartial manner within the meaning and intent of the said law to the end that the holders of the licenses for the operation of said tracks in Dade County and each of them will be afforded substantially equal opportunity for the beneficial enjoyment of their opportunities, or that you appear before our Supreme Court sitting within and for the State of Florida at the Court Room in the City of Tallahassee, the capital, on November 2, 1936, at 10 o'clock in the morning of that day, and show cause why you refuse to do so."

It was alleged in the alternative writ as follows: "That application for allotment of dates for the 1936-1937 racing season were made to the said Commission by other dog racing corporations, namely, Jacksonville Kennel Club, Inc.; Sanford-Orlando Kennel Club, St. Petersburg Kennel Club, West Florida Racing and Athletic Club, Broward County Kennel Club, West Flagler Kennel Club, and The Miami Beach Kennel Club., Inc. Dade County is the only county having more than one dog track holding ratified permits seeking to race dogs, but the race track in Broward County

is so nearly adjacent to Dade County that it is considered as a competitor of the Dade County tracks, a fact that its officials recognized as appears from the minutes of the Commission of their meeting held October 3, 1936, which states as follows:

" 'C. H. Landefeld appeared for Broward County Kennel Club, presenting their application for license, and requesting dates as follows: December 1, 1936, to March 15, 1937, inclusive, provided that no tracks in Dade County are awarded opening dates prior to December 23. If any Dade County track is permitted to operate prior to December 23, then we respectfully request racing dates covering the period between December 28, 1936, and April 10, 1937, inclusive.'

"7. That the said Commission purporting to act pursuant to the State Racing Commission law, has allotted racing dates to the said Dade County and Broward County tracks as follows:

"Biscayne Kennel Club, Inc., the relator,

" 'December 25, 1936, to April 8, 1937, inclusive, exclusive of Sundays; a total of 90 days.'

"West Flagler Kennel Club,

" 'December 28, 1936, to April 10, inclusive, exclusive of Sundays; a total of 90 days.'

"Miami Beach Kennel Club,

" 'December 28, 1936, to April 10, 1937, inclusive, exclusive of Sundays; a total of 90 days.'

"Broward County Kennel Club,

" 'December 28, 1936, to April 10, 1937, inclusive, exclusive of Sundays; a total of 90 days.'

"8. That on October 19, 1936, the said Commission issued to the relator a license for the racing season of 1936-1937, executed by the Chairman and Secretary of the said

Commission and bearing the official seal thereof, a copy of said license being annexed to the petition.

The contention of the relator is that under the provisions of Chapter 17276, Acts of 1935, it was the duty of the respondents to prorate the entire racing season, that is, that period of time between and including December 1, 1936, and including April 10, 1937, between the dog racing tracks in Dade County, Florida, in such manner that racing would be allowed at one or more of such dog race tracks at all times except on Sundays during the racing season, and so that there would be some of such days when each of said tracks would be operated without competition in that County. The language of the statute relied upon by the relators is:

"Section 2. It shall be the duty of the State Racing Commission to carry out the provisions of this Act and such Commission shall have the power and authority to personally, or by agents, supervise and check the making of Pari Mutuel Pools and the distribution therefrom, and (1) To fix and set the dates for racing in any county where there are one or more horse tracks or one or more dog tracks seeking to race and holding ratified permits upon which any track can operate in any county apportioning such dates to the several tracks in such counties in a fair and impartial manner. Provided, however, that where only one licensed dog track is located in a county, such track shall be entitled to operate ninety (90) days, during the racing season at option of said dog track," * * * and especially that part of the above quoted provision reading as follows: "apportioning such dates to the several tracks in such counties in a fair and impartial manner."

Section 4 of Chapter 17276, Acts of 1935, which amended Section 4 of Chapter 14832, Acts of 1931, is as follows:

"Any person, association or corporation desiring to oper-

ate a race track in this State shall have the right, subject to the provisions of this Act, to hold and conduct one or more race meetings at such tracks each year. Hereafter horse race track meetings shall be held only during the period extending from and including the 10th day of December in each year to and including the 10th day of April the following year and hereafter dog race track meetings shall be held only during the period extending from and including the 1st day of December in each year to and including the 10th day of April the following year; Provided, that both horse race and dog race meetings shall be limited as to number of racing days as provided in Section 8 of Chapter 14832, Laws of Florida, Acts of 1931, and provided further no race or racing shall be permitted on Sunday. No minors, excepting jockies, jockey apprentices and exercise boys shall be permitted to attend such races or to be employed in any manner about the race tracks."

Section 8 of Chapter 14832, Acts of 1931, was not amended by the 1935 Act. That section is as follows:

"Section 8. No license or licenses shall be granted to any person, association or corporation or to any race track for a meet or meeting in any county to extend longer than fifty racing days for horse racing and ninety racing days for dog racing in any twelve month period."

As we construe the provisions of Section 2 hereinabove quoted, the Legislature has vested in the Racing Commission the duty to fix and set the dates for the conducting of dog races in any county between the 1st day of December and the 10th day of the following April, and including both days, at dog race tracks which are permitted to operate under the law and where there is more than one dog race track lawfully operating in one county, to fix and set the dates of the operation of such tracks and racing at such

tracks fairly and impartially as between the *two* (or more) tracks.

In State, *ex rel.* West Florida Amusement Co., Inc., v. Rose, *et al.*, 122 Fla. 227, 165 Sou. 60, we said:

"Turning now to the statute on the subject of racing 'dates' and racing 'days,' we find that it disclosed a clear intent that every licensed dog track shall be entitled to a full period of 90 days of racing unless by reason of intra-county competition between two or more licensees operating in the same county, a less total number of 'days' for racing than 90 days shall be specified for each of the tracks. We find further that only after the permissible total number of 'days' for dog racing has been determined and fixed in more than one-track counties at less than the full 90 days accorded by the statute to dog tracks generally in all one-track counties, is the State Racing Commission vested with any authority at all under paragraph 1 of Section 2 of Chapter 17276, *supra,* to apportion the 'dates' within the specified and limited number of 'days' permitted for the operation of each track."

Here was a positive holding that only after the permissible total number of days for dog racing has been determined and fixed in more-than-one-track counties at *less* than the *full* 90 days accorded by the statute to dog tracks generally in all one-track counties, is the State Racing Commission vested with any authority at all under paragraph 1 of Section 2 of Chapter 17,276, to apportion the days within the specified and limited number of days permitted for the operation of each track. So it follows that unless the Racing Commission exercises its power to apportion the racing period between the several tracks in a county, allowing each track to operate for a period of less than 90 days only, no apportionment of the racing period is required by the statute

to be made by the Racing Commission, though it is permissible under the statute for the Commission to apportion the full period of time from and including December 1st to and including April 10th of the following year fairly and impartially between all the dog tracks in one county. In doing this, however, the Racing Commission will be exercising its discretion which may only be interfered with in such cases as that which was presented in the case of State, *ex rel.,* v. Rose, *supra*. In the instant case the record shows that the Racing Commission fixed and set as dates for conducting a dog race meet by the relators from and including December 25th, 1936, to April 8th, 1937, inclusive, exclusive of Sundays, a total of 90 days, and it fixed and set dates for racing meets to be held and conducted by the other two dog race tracks in the county from and including December 28th to and including April 10th, 1937, exclusive of Sundays. In pursuing this course, we hold that the Racing Commission acted within its lawful authority and exercised its lawful discretion and it is not made to appear that in the exercise of that discretion it was so abused as to require us to interfere with the same by mandamus.

It, therefore, follows that the motion to quash should be granted and it is so ordered.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.