STATE OF FLORIDA, *ex rel.* BISCAYNE KENNEL CLUB, INC.,
v. JOSEPH R. STEIN, *et al.*

STATE OF FLORIDA, *ex rel.* MIAMI BEACH KENNEL CLUB,
INC., v. JOSEPH R. STEIN, *et al.*

STATE OF FLORIDA, *ex rel.* WEST FLAGLER AMUSEMENT
COMPANY, v. JOSEPH R. STEIN, *et al.*

178 So. 133.
Opinion Filed January 6, 1938.

*Robert C. Lane, Marion E. Sibley, Brantley Bannon* and
*Whitfield & Whitfield,* for Biscayne Kennel Club Inc.;

*Carl T. Hoffman,* for Miami Beach Kennel Club, Inc.

*S. P. Robineau* and *John P. Stokes,* for West Flagler
Amusement Co., Inc.;

*H. P. Baya,* for Respondents.

PER CURIAM.—It has been made to appear by petitions in
this Court that the Miami Beach Kennel Club, Inc., West
Flagler Amusement Co., Inc., and the Biscayne Kennel Club,

Inc., each operate a dog track in Dade County, Florida, under permits duly authorized by statute; that the State Racing Commission of Florida, on September 3, 1937, met, heard applications and allotted to the several dog tracks in Dade County the following apportionment of racing days and dates:

Biscayne Kennel Club, Inc.: From December 1, 1937, to January 15, 1938, less December 20th, 21st, 22nd, 23rd and 24th, 1937; and from February 26th, 1938, to April 9th, 1938;

Miami Beach Kennel Club, Inc.: From January 3rd, 1938, to March 26th, 1938;

West Flagler Amusement Co., Inc.: From January 17th, 1938, to April 9th, 1938.

On December 6, 1937, the West Flagler Amusement Co., Inc., and the Miami Beach Kennel Club, Inc., filed in this Court petitions for alternative writs of mandamus directed to the Florida State Racing Commission seeking a reapportionment of racing dates, and writs issued on the petitions and were each directed to the State Racing Commission to show cause on the 9th day of December, 1937, why peremptory writs of mandamus should not issue. The Florida State Racing Commission on December 9, 1937, met, reconsidered its order dated September 3, 1937, and by resolution amended the order previously entered by granting ninety days of racing to each of the three dog tracks situated in Dade County, and apportioned them, viz.:

Biscayne Kennel Club, Inc.: From December 1st, 1937, to March 15th, 1938;

Miami Beach Kennel Club, Inc.: From December 27th, 1937, to April 9th, 1938;

West Flagler Amusement Co., Inc.: From December 27th, 1937, to April 9th, 1938.

On December 11, 1937, Biscayne Kennel Club, Inc., filed its petition in mandamus against the Florida State Racing Commission alleging, among other things, its entering into contracts for music, personnel, advertisement, broadcasting, etc., based upon an allotment of seventy-two days on September 3, 1937, to the Biscayne Kennel Club, Inc., and its financial inability to operate for a period of ninety days; that the Biscayne Kennel Club, Inc., had not been heard on December 9, 1937, when a resolution was adopted reapportioning said racing days and dates by the Florida State Racing Commission, and charged manifest unfairness on the part of the Racing Commission, and that the Court should grant its writ restoring the status *quo ante* and that the Commission should be required to defend the proceedings instituted against it by the West Flagler and Miami Beach dog tracks, and that a rule *nisi* issue and be served upon the State Racing Commission.

It was further ordered that the alternative writs of mandamus previously issued be extended until December 18, 1937, for the consideration and convenience of the Florida State Racing Commission. When the State Racing Commission met on December 15, 1937, it heard the Biscayne Kennel Club, Inc., the West Flagler Amusement Co., Inc., and the Miami Beach Kennel Club, Inc., their officers and counsel, and heard facts and arguments with reference to the reapportionment of racing dates among the three dog tracks situated in Dade County, Florida, and did reaffirm its decision of December 9, 1937.

On December 17, 1937, the Biscayne Kennel Club, Inc., filed an amendment to its petition in mandamus in this Court filed under date of December 11, 1937, and reaverred that the Racing Commission was under a misapprehension as to all the facts in entering its order allowing ninety racing days to the three dog tracks.

On December 17, 1937, a rule *nisi* issued and was served on the State Racing Commission, and on December 29th, 1937, an answer thereto was filed in this Court to the effect that upon notice to the dog track owners of Dade County, Florida, a hearing was held on September 3, 1937, for the purpose of setting racing dates, attended by all the petitioners. On December 1, 1937, the Miami Beach Kennel Club, Inc., and West Flagler Amusement Co., Inc., applied to the Racing Commission, praying an allotment of the full 90 days authorized by law for racing. On December 7, 1937, the Racing Commission was served with alternative writs of mandamus, and in compliance therewith, convened on December 9, 1937, and allotted to each of the dog tracks in Dade County, Florida, 90 days of racing and apportioned the same fairly and impartially, without discrimination or prejudice for or against either track. That a second hearing was held, attended by the track owners, officers and attorneys on December 15, 1937, and after a full hearing to all interested parties, adopted a resolution, copy of which is attached to and made a part of the answer, reaverring its action of December 9, 1937.

A motion to consolidate the three suits was granted and the Biscayne Kennel Club, Inc., on December 31, 1937, moved the Court for a peremptory writ of mandamus, regardless of the answer of the State Racing Commission.

It is contended by counsel for Biscayne Kennel Club, Inc., that the allotment or apportionment of racing days and dates on September 3, 1937, granted as to these assigned racing days and dates a franchise, right or interest which could not be altered or changed by a subsequent order of the Florida Racing Commission; that it was made known to the Racing Commission on September 3, 1937, that it was financially unable to race for a period of 90 days; that expenditures were necessary to improve the plant; that ob-

ligations for music, entertainers, radio and other forms of advertisements would be created or established and after these expenditures and obligations the change of racing days and dates would incur heavy losses to it; that the license or permit issued by the Racing Commission is closely related in operation to a license issued by a city to a person to construct a building and when once granted cannot be revoked. The cases of Pratt v. City of Denver, 72 Col. 51, 209 Pac. Rep. 508, Fuller v. Shewak, 208 N. Y. Supp. 289; Lowell v. Archambalt, 189 Mass. 70, 75 N. E. Rep. 65; General Baking Co. v. Board of Street Comm'rs, 242 Mass. 194, 136 N. E. Rep. 245, and other authorities, are cited to sustain their view. Counsel cannot overlook the fact that racing in Florida is not a right, but a privilege which may be granted or withdrawn under certain conditions and circumstances. The general public has an interest to see that this species of gambling is conducted according to certain rules and regulations and the members of the Commission are clothed with the legal responsibility to conduct this line of business as prescribed by law. It is doubtful if we can agree with counsel in concluding that a racing permit is a vested interest or right and after once granted cannot be changed.

In Prettyman, Inc., v. The Florida Real Estate Com. p. Fla. 515, text p. 524, 109 Sou. Rep. 442, this Court, in considering a license issued to a relator by the Florida Real Estate Commission, said:

"The issuance of an occupational license does not create any contract right. Bishoff v. State, *ex rel* Tampa Water Works Co., 43 Fla. 67, 30 South. Rep. 808.

" 'A license is merely a permit or privilege to do what otherwise would be unlawful, and it is not a contract between the authority, federal, state, or municipal, granting it and the person to whom it is granted; neither is it prop-

erty or a property right, *nor does it create a vested right.'* 37 C. J. 168; 37 C. J. 246."

See Green v. Ivey, 45 Fla. 338, 33 Sou. Rep. 711.

In the case of State, *ex rel.* Biscayne Kennel Club, Inc., v. State Racing Commission, 126 Fla. 298, text p. 304, 170 Sou. Rep. 839, this Court said:

"* * * In the instant case the record shows that the Racing Commission fixed and set as dates for conducting a dog race meet by the relators from and including December 25th, 1936, to April 8th, 1937, inclusive, exclusive of Sundays, a total of 90 days, and it fixed and set dates for racing meets to be held and conducted by the other two dog race tracks in the county from and including December 28th, to and including April 10th, 1937, exclusive of Sundays. In pursuing this course, we hold that the Racing Commission acted within its lawful authority and exercised its lawful discretion and it is not made to appear that in the exercise of that discretion it was so abused as to require us to interfere with same by mandamus."

In the case of State, *ex rel.* West Flagler Amusement Co., Inc., v. Rose, 122 Fla. 227, text pp. 232-33-34, 165 Sou. Rep. 60, this Court said:

"Undoubtedly a racing permit or license granted under the statute confers no franchise, but is a mere license granted or withheld at the option of the State acting under its police powers. Prettyman v. Florida Real Estate Commission, 92 Fla. 515, 109 Sou. Rep. 442. However, the right to profitably enjoy the benefits of a license after it is already granted, without undue prejudice to the licensee, or undue discrimination in favor of other licensees similarly situated, is likewise implied, if not expressed, in the requirement of the statute that where there is more than one dog track operating in the same county, the 'dates' to the several

tracks in such counties shall be apportioned in a fair and impartial manner.

"Turning now to the statute on the subject of racing 'dates' and racing 'days,' we find that it disclosed a clear intent that every licensed dog track shall be entitled to a full period of 90 days of racing unless by reason of intra-county competition between two or more licensees operating in the same county, a less total number of 'days' for racing than 90 days shall be specified for each of the tracks. We find further that only after the permissible total number of 'days' for dog racing has been determined and fixed in more than one track counties at less than the full 90 days accorded by this statute to dog tracks generally in all one-track counties, is the State Racing Commission vested with any authority at all under paragraph 1 of Section 2 of Chapter 17276, *supra,* to apportion the 'dates' within the specified and limited number of 'days' permitted for the operation of each track.

"The power to fix the total number of 'days' for racing in a county is one that must be exercised under Sections 7 and 8 of Chapter 17276, Acts 1935. No power is given by these sections of the statute to fix as between tracks operating in the same county any different total number of 'days' for racing them is permitted to any other track operating in such county.

"On the other hand, power is given by Section 2 of the Act, paragraph 1 thereof, to so fix and set the 'dates' within the total number of racing 'days' permitted to each track (less than the full ninety days) that the apportionment of dates to several tracks in the same county shall afford to each a fair and impartial opportunity for the beneficial enjoyment of the privilege of racing implied in the several racing permits or licenses affected by such apportionment of 'dates.'

"We hold, therefore, that there was no legal justification for the action of the State Racing Commission in fixing and setting the 'days' for dog racing at the West Flagler Amusement Company's dog track at a less total number of days than it permitted to any other dog track in Dade County, but that its statutory authority in the premises was and is limted to a mere setting and fixing of the particular 'dates' on which each of the Dade County dog tracks shall be allowed to operate in its expenditure of its allocated total number of 'days' permitted to it for its own individual 'season.' We hold further that the duty of the State Racing Commission to apportion *dates* to the several dog tracks in Dade County in a fair and impartial manner is a duty to so 'fix and set the dates for racing' that the track *season,* which is the period comprehended in the total number of *days* allowed to each track, will afford to each licensee a substantially equal opportunity for the beneficial enjoyment of its permit and the realization of its permit opportunities."

The reapportionment of the racing days and dates by the Racing Commission under date of December 9th, 1937, and reaffirmed on December 15th, 1937, as stated in its answer, shows that the Biscayne Kennel Club, Inc., had non-competitive dates from December 1st, 1937, to December 27th, 1937, and had the privilege to continue until March 1st, 1938. It is optional with it to race the 72 days or 90 days, if it so desires. The Miami Beach Kennel Club, Inc., and the West Flagler Amusement Co., Inc., are to race from December 27th, 1937, to April 9th, 1938, being 90 days each. The law requires an equal number of racing days as between tracks operating in Dade County, Florida, or the dates apportioned as between the several tracks in a fair and impartial manner. It seems that the answer filed by the State Racing Commission to the rule *nisi* issued herein is a full and complete defense. There has been no abuse of

discretion conferred by the statute, but, on the other hand, an honest and sincere effort to apportion the racing dates as between the tracks and thereby equal opportunity for the enjoyment of permits or licenses.

The petitions of Miami Beach Kennel Club, Inc., and West Flagler Amusement Co., Inc., are each hereby dismissed. The rule *nisi* issued upon the petition of Biscayne Kennel Club, Inc., is quashed and said petition dismissed. It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.