74 So.2d 691 (1954)
STATE of Florida ex rel. WEST FLAGLER KENNEL CLUB, Inc., a Florida Corporation, Relator,
v.
FLORIDA STATE RACING COMMISSION and Ray E. Dilg, Julian Lane, J.M. Caruthers, Millard G. Gilmore and Frank Winchell, as and constituting the members of the Florida State Racing Commission, Respondents.
Supreme Court of Florida. Division A.
September 24, 1954.
Rehearing Denied October 18, 1954.
Richard W. Ervin, Atty. Gen., George E. Owen, Asst. Atty. Gen., and Robert H. Carlton, Tampa, for respondents.
J. Lewis Hall, Tallahassee, for Biscaync Kennel Club, Inc., amicus curiae.
PER CURIAM.
Relator filed its petition for alternative writ of mandamus in this Court, directed to respondents, praying that they meet and rescind their order apportioning dates for racing to the several dog tracks in Dade County or to show cause on a day certain why they refuse to do so. Biscayne Kennel Club, the holder of a permit to conduct dog races in said county, was permitted to appear *692 and file a brief amicus curiae. Objections to issuance of the alternative, including a return, were filed to the petition.
The ultimate question raised by the pleadings is whether or not the State Racing Commission abused its discretion in allocating racing dates to the dog tracks in Dade County.
That mandamus will not be granted where the right to it is doubtful, or that the granting of such a writ is a matter of discretion and that it may be employed to coerce action but that it will not be employed to control action or discretion, is so fundamental that supporting authority is unnecessary. It is admitted that the State Racing Commission allocated an equal number of days for racing to each of the dog tracks in question. The statute relied on is Section 550.02(1) F.S. as amended by Section (1) Chapter 24348, Acts of 1947, F.S.A.
Relator contends that respondent abused its discretion in awarding dates for dog racing to the various dog tracks in Dade County. The following authorities are relied on to support this contention: State ex rel. Pinellas Kennel Club, Inc. v. State Racing Commission, 116 Fla. 143, 156 So. 317; State ex rel. West Flagler Amusement Company, Inc. v. Rose, 122 Fla. 227, 165 So. 60; State ex rel. Biscayne Kennel Club, Inc. v. State Racing Commission, 126 Fla. 298, 170 So. 839, and State ex rel. Biscayne Kennel Club, Inc. v. Stein, 130 Fla. 517, 178 So. 133.
These cases were decided prior to Chapter 24348, Acts of 1947, amending Section 550.02(1) which removed the requirement that racing dates be apportioned to the several tracks in a "fair and impartial manner". Since the 1947 amendment racing dates are apportioned to the counties "as provided by law". We do not hold that the latter amendment had the effect of removing the requirement that racing dates be fixed in a fair and impartial manner but we do hold that it enlarged the discretion of the State Racing Commission and authorized it to consider not only the interest of those operating race tracks but the interest of the State as well when it fixed racing dates. State ex rel. Hollywood Jockey Club, Inc. v. Stein, 129 Fla. 777, 176 So. 849; Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, Inc., Fla., 37 So.2d 692.
Aside from what may be reasonably inferred from the change in the governing statute, relator has failed to show any discrimination or that fairness and impartiality were not observed by respondents when they apportioned racing dates among the dog tracks in Dade County. The record shows that the present allocation of racing dates is not materially different from those prevailing for the past eight years, under which there has been a consistent increase in both pari-mutuel play and state revenue. Such increase has been noted in all competitive tracks. It is a fact that there were differences in the amounts taken in by the tracks. Relator advances argument to show the fallacy of this conclusion but considered in the light of all the factors that respondents were required to consider in fixing racing dates, that is to say the interest of the track owner, the interest of the State, the good will, the quality of dogs, track facilities, geography, skill in management, and others, the results reveal nothing to show discrimination.
The over-all picture as represented at the Bar of this Court shows that the four dog tracks affected by this litigation had pari-mutuel play for the recent racing season of more than $57,000,000 or an average of approximately $14,250,000 for each track. The petition of relator shows that its mutuel play for the 1954 season was $14,271,309, slightly more than the average of all the dog tracks who are affected by this suit. Other deductions drawn from the pleadings, the interpretation of these and other figures in the light of the pleadings, show conclusively that respondents have committed no abuse of discretion. In this pronouncement we have not overlooked the contention with reference to differences between relator's track and Biscayne Kennel Club track including other comparisons drawn by relator, but consideration of them shows no abuse of discretions.
*693 Since the pleadings show affirmatively that the dates complained of treat all dog track owners including relator, substantially alike, that no substantial discrimination against relator is shown, that the petition shows no clear legal right to the relief prayed for, nor does it show any clear legal duty on the part of respondents to rescind the order complained of and apportion new racing dates for the coming season, the petition should be and is hereby denied.
It is so ordered.
ROBERTS, C.J., and TERRELL, SEBRING and MATHEWS, JJ., concur.