584 So.2d 1083 (1991)
Deranty J. COHEN, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION PARI-MUTUEL WAGERING, Appellee.
No. 90-1044.
District Court of Appeal of Florida, First District.
August 8, 1991.
*1084 Diane D. Tremor of Rose, Sundstrom & Bentley, Tallahassee, for appellant.
Robert B. Button, Dept. of Business Regulation, Tallahassee, for appellee.
PER CURIAM.
We affirm the final order of the Department of Business Regulation, Division of Pari-Mutuel Wagering denying appellant's application for a greyhound racing trainer's license.
On appeal, it is first contended that the Division based its denial of licensure upon the ground of bad moral character, whereas, the Division's letter giving notice of intent to deny did not inform appellant that his moral character was also relied upon as grounds for denial. Consequently, appellant maintains, he was deprived of due process when the director of the Division, as hearing officer, admitted evidence bearing upon appellant's moral character and included findings pertaining to his bad character in the final order. We find this and the other arguments for reversal unavailing.
The denial letter from the Division to appellant gave notice that the application was being denied based upon the following: (1) appellant's 1975 Florida felony conviction for passing a worthless check; (2) appellant's 1986 federal felony conviction for forgery of a U.S. Treasury Department check; and (3) the charges of financial irresponsibility and fraudulent practices which resulted in a February 17, 1986 order from *1085 the Division revoking appellant's license as a greyhound owner and trainer, and declaring him ineligible for licensing in Florida.[1] Upon receipt of this denial letter, appellant requested and received an informal hearing under section 120.57(2), Florida Statutes, and a written stipulation of facts was executed and submitted by counsel for the parties. The stipulation basically recites the facts concerning appellant's convictions and the previous order of revocation based upon financial irresponsibility and fraudulent practices.
In the final order appealed, the director made findings of appellant's numerous other criminal charges and convictions, in addition to the two felony convictions and the offenses mentioned in the 1986 revocation order. In his conclusions of law, the director stated:
There is no need to recount all of the findings of financial irresponsibility and corrupt practices committed by Cohen recited in the Division's February 17, 198[6] order, but it is noteworthy that on four occasions Cohen wrote worthless checks at Florida greyhound tracks and on seven occasions Cohen altered checks by the addition of $1,000 to the face of the instruments without the knowledge or consent of the maker for payment of kennel supplies or services. It is uncontroverted that Cohen's history in the greyhound industry is a history of financial irresponsibility, fraud, and forgery. Such acts threaten the viability of the pari-mutuel industry and the public's confidence in the integrity of the industry.
Appellant does not take issue with the correctness of the director's findings, but strongly urges that the director went beyond the scope of the issues of which appellant had notice by considering evidence and making findings concerning appellant's moral character.
As noted by appellant, under section 550.10(3)(b), Florida Statutes, the Division may deny any occupational license when the applicant for such license is not of good moral character. Appellant urges, however, that good moral character is a separate and additional ground for denial of a license, not encompassed within the charges pertaining to appellant's felony convictions, and the appellant's violation of Florida Administrative Code Rules 7E-2.005(15) (financial irresponsibility) and 7E-2.022(4)(7) (fraudulent practices), which were documented in the Division's 1986 revocation order.
The standard of review by which we are guided in this case is found in section 120.68(8), Florida Statutes: "The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure... ." Tested by this standard, as well as ordinary notions of due process, we find no reason to disturb the Division's ruling.
Although its strains the imagination to consider charges of felony convictions and fraudulent practices, in a licensing proceeding, as involving something other than a lack of good moral character, appellant may be correct in his argument that the denial letter was misleading in that it failed to expressly inform him that his lack of "good moral character" was one of the grounds relied upon for denial of a license. We note, however, that the letter did advise him that the denial was "in accordance with the provisions of section 550.10, Florida Statutes." One cannot read that section, particularly subsection (3)(b), without being informed that a license may be denied when the applicant is "not of good moral character." Indications are that appellant himself noticed this, for despite his present contentions as to lack of notice, he submitted with his application for waiver of ineligibility for licensing five letters of recommendation attesting to his good moral character. Even assuming, however, that appellant did not view good moral character as an issue to be considered below, as he now contends, we *1086 nevertheless find it difficult to fault the director's ruling that by introducing character evidence, appellant himself made good moral character a relevant issue. In sum, we are of the opinion that no unfairness warranting reversal has been demonstrated. Furthermore, since the undisputed findings clearly support the result reached by the director, any error in considering good moral character as a separate ground for denial was harmless.
We likewise find without merit appellant's second point on appeal in which he contends that the final order is not supported by competent substantial evidence. On this issue, appellant primarily objects to the director's consideration of a Florida Department of Law Enforcement report detailing appellant's extensive record of arrests and convictions. Appellant urges that the report was hearsay, and that it formed the basis for many of the findings of fact and conclusions of law in the final order. We find no reversible error in the admission of the report. First, there was no objection to the FDLE report, and the issue therefore has not been preserved for appellate review. Secondly, the additional documentation of appellant's extensive encounters with the criminal justice system was cumulative, in that the 1986 order of revocation, which is a part of the record, makes reference to at least twelve instances of criminal conduct, not including appellant's 1986 felony conviction in the federal court. Thirdly, in view of appellant's attempt by means of the letters of recommendation to establish his fitness for licensure, the evidence of recent arrests, in the absence of objection, was entitled to some consideration as rebuttal evidence.
The primary thrust of appellant's argument before the director below was that since appellant had served six months in prison for his 1986 conviction, and was still on parole for that offense, coupled with his ineligibility to work in the greyhound racing industry for some five years, he had received enough punishment and should be entitled to re-licensure. As pointed out by in the Division's order, the granting of a pari-mutuel occupational license is a privilege and not a right. State ex rel. Biscayne Kennel Club v. Stein, 130 Fla. 517, 178 So. 133 (1938); West Flagler Associates, Ltd. v. Board of Business Regulation, 241 So.2d 369 (Fla. 1970). As also noted in the Division's order, the burden of demonstrating his entitlement to a license rested with appellant. Florida Department of Transportation v. J.W.C. Co., Inc., 396 So.2d 778 (Fla. 1st DCA 1981). We find no abuse of discretion in the director's conclusion that there were no compelling reasons, given appellant's extensive criminal past, and his exploitation of those engaged in the pari-mutuel industry, directly or indirectly, why appellant should presently be granted the privilege of again holding a pari-mutuel license.[2]
For the foregoing reasons, the order appealed is
AFFIRMED.
SMITH, SHIVERS and NIMMONS, JJ., concur.
NOTES
[1] Appellant's license eligibility was restored in 1979 after revocation of his license based upon his 1975 conviction for passing worthless checks.
[2] The director's order did allow appellant to reapply for a license after one year from the date of the order, provided his civil rights were restored at the time of application.