754 So.2d 76 (2000)
AUTOWORLD OF AMERICA CORP., Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY, etc., Appellee.
No. 3D99-931.
District Court of Appeal of Florida, Third District.
March 8, 2000.
Rehearing Denied April 26, 2000.
*77 Stuart I. Levin, Miami, for appellant.
Enoch J. Whitney and Michael J. Alderman (Tallahassee), for appellee.
Before JORGENSON, COPE, and LEVY, JJ.
PER CURIAM.
Autoworld of America Corporation appeals a final order revoking its independent motor vehicle dealer license, after an informal hearing. On appeal, Autoworld argues that the findings of fact contained in the final order are not supported by competent substantial evidence.
Autoworld misapprehends the applicable principles under the Florida Administrative Procedure Act:

Choosing § 120.57(2) hearings in professional license disciplinary proceedings is similar to pleading guilty to the facts alleged in the administrative complaint, because they are not disputed. See F.S. § 120.569(1). This leaves only conclusions of law to be drawn as to whether the admitted facts constitute a violation of the statutes as charged and penalties to be imposed.
The Florida Bar, Florida Administrative Practice § 6.26, at 6-30 (5th ed.1997) (emphasis added). As stated during the proceeding below, the informal hearing is in essence a meeting, not an adjudicatory hearing to decide disputed issues of material fact.
On appeal, Autoworld now contends that one or more findings are not supported by competent substantial evidence because they were based on hearsay. In order to challenge the factual basis of the complaint, it would have been necessary for Autoworld to request a formal hearing under subsection 120.57(1), Florida Statutes, rather than an informal hearing under subsection 120.57(2). The logic of the situation is that when a formal hearing is requested, both parties will subpoena or produce the witnesses necessary for the proof of the case. In an informal hearing, there is no reason to bring witnesses, and Autoworld's hearsay objection is misplaced.
Alternatively, assuming arguendo that issue of competent substantial evidence were properly before us, there is still no basis for reversal. See Cohen v. Department of Business Regulation, Division of Parimutuel Wagering, 584 So.2d 1083, 1085 (Fla. 1st DCA 1991) (in informal hearing, need objection to preserve hearsay issue for appeal)[*]; Griffith v. Department of Business Regulation, Division of Pari-Mutuel Wagering, 613 So.2d 930, 932 (Fla. 3d DCA 1993) ("It is axiomatic that *78 where substantial competent evidence supports the findings and conclusions of the administrative agency and the record discloses neither an abuse of discretion nor a violation of law by the agency, this court should not overturn the agency's determination.") (formal hearing).
Affirmed.
NOTES
[*] The analysis set forth in the first part of this opinion was not considered in Cohen.