PER CURIAM.
On direct appeal from an administrative agency’s final order imposing a fine, appellants claim that their constitutional rights were violated because they did not receive notice of their right to demand an administrative- hearing. They claim no rule or statutory violation. They pose only the question whether initiating an administrative proceeding by sending certified mail to an address furnished to a state agency by or on behalf of the subject of the proceeding offends due process requirements, where the initial correspondence is returned unclaimed (after the proceeding has concluded), but subsequent (uncertified) correspondence sent to the same address reaches the addressee uneventfully.
We hold that the use of mailed notice meets state and federal due process requirements in these circumstances. See Dusenbery v. United States, 534 U.S. 161, 162, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (“Contrary to petitioner’s argument, Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 ... [1983], says that a State must attempt to provide actual notice, not that it must provide actual notice.”); Mullane v. Cent. Hanover Bank & Trust, Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (the test is whether the notice was “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections”); Keys Citizens For Responsible Gov’t, Inc. v. Florida Keys Aqueduct Auth., 795 So.2d *578 940, 949 (Fla.2001) (“the additional procedural safeguard of actual notice urged by Citizens would add a tremendous burden and expense ... and would have little value”).
Affirmed.
DAVIS and BENTON, JJ., Concur; ERVIN, J., Dissents with Opinion.