957 So.2d 65 (2007)
Carl Thomas NICKS, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL, ETC., Appellee.
No. 5D06-1927.
District Court of Appeal of Florida, Fifth District.
May 4, 2007.
*66 Diane S. Perera and James C. Kellner, of Diane S. Perera, P.A., Miami, for Appellant.
Jennifer A. Tschetter, Tallahassee, for Appellee.
LAWSON, J.
Carl Thomas Nicks appeals from a final administrative order of the Construction Industry Licensing Board. The order granted the Department of Business and Professional Regulation's motion to find that Nicks had waived his right to dispute the material facts alleged in the Department's complaint against him by failing to request a formal hearing within twenty-one days after receiving the complaint. Relying on its finding of waiver, the Board also found that Nicks had violated various provisions of section 489.129, Florida Statutes, and revoked Nicks' license as a certified general contractor. We agree with Nicks that the doctrine of equitable tolling may apply in this case to preclude a finding of waiver. Therefore, we reverse the final order and remand this case to the Board for further proceedings consistent with this opinion.
The facts underlying the Department's complaint relate to a roofing job that Nicks contracted to perform on a commercial building in West Melbourne, Florida, on October 6, 2004. The Department alleges that Nicks completed about fifty percent of the roof in an incompetent and negligent manner, laying roofing material over wet substrate and rotting boards. When city inspectors ordered that the roof be stripped, and all roofing materials re-installed on dry substrate, it is alleged that Nicks refused to refund the $15,000 he had already been paid, refused to continue work unless he was paid for the additional work required to correct his own substandard performance, and then abandoned the job when the owner would not agree to pay him more money to fix his own mistakes. Thereafter, according to the complaint, Nicks ignored the owner's numerous efforts to reach him. If true, these facts would support the disciplinary action ordered by the Board,[1] particularly *67 in light of Nicks' disciplinary history.[2] Nicks, however, disputes the facts alleged by the Department.
On February 11, 2005, the Department notified Nicks that it had received a complaint regarding the roofing job, and that he had a right to provide information in response. The notice also explained that the investigation would remain confidential unless probable cause was found to pursue an administrative action against Nicks' license. In response, on February 18, 2005, Nicks sent the Department documents indicating his view that the matter was nothing more than a dispute over the scope of work required by his contract. According to Nicks, his contract only required that he replace a limited number of insulation boards. When the inspector ordered that all insulation boards be replaced, he told the owner that this would increase the scope of work, which would require additional consideration. According to Nicks, he remained ready and willing at all times to strip and replace the roofing, and finish the job, if the owner would agree to compensate him for the additional insulation replacement that was not part of his original contract price.
On August 25, 2005, the Department served Nicks with its administrative complaint, along with a form cover letter and election of rights form. The cover letter explained that Nicks had three options: (1) chose not to dispute the facts alleged in the complaint, and request a hearing to present evidence only related to "conclusions of law and the penalty for violation;" (2) dispute the alleged facts "and request a hearing before an administrative law judge;" or (3) waive the right to either type of hearing "and put yourself completely at the Board's discretion." The letter then explained that:
You must respond by selecting one of the options on the enclosed Election of Rights form, and forwarding the executed Election of Rights form to this office within 21 days of your receipt of this letter. Failure to respond within the 21 day period may be deemed a waiver of the rights outlined above, and the Department may proceed against you by default. (emphasis in original)
*68 It is undisputed that Nicks did not return the election of rights form. However, Nicks claims to have called the Department on September 7, 2005, within the twenty-one day period, to inquire as to whether his prior written submission to the investigator would serve as a sufficient response to contest the facts of the complaint. According to Nicks, a Department employee told him that the documents submitted during the investigation would suffice, and that he therefore did not need to return the election of rights form in order to contest the facts alleged in the complaint. Claiming reliance on this advice from the Department, Nicks did not return the form.
Prior to his Board hearing, Nicks filed a response to the Department's motion to find waiver, alleging these facts and that they were sufficient to establish equitable tolling. "Generally, the tolling doctrine has been applied when the plaintiff has been mislead or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." Machules v. Dep't of Admin., 523 So.2d 1132, 1134 (Fla.1988). Nicks claims that he was lulled into inaction through a combination of language in the Department's form letter and the Department employee's advice. Given that Nicks had responded to the initial complaint with a written submission that contests the facts alleged against him, and the less-than-conclusive language of the Department's form letter (simply stating that failure to respond "may" be deemed a waiver of rights), we find that equitable tolling would be available to extend the 21-day deadline if Nicks can establish reasonable reliance upon a clear and affirmative representation to him that his previous submission preserved his right to contest factual allegations in the Department's complaint.
In its brief, the Department asserts a number of reasons why it believes that the factual allegations in support of Nicks' equitable tolling claim lack credibility. However, it is not our place to make credibility determinations or factual findings regarding these issues. Below, the Board granted the motion to find waiver without offering an evidentiary hearing, and even before allowing argument from Nicks' attorney. After voting to find a waiver, Nicks' counsel made some arguments in support of Nicks' position. However the Board's chairman repeatedly reminded counsel that the Board had already voted on the issue, before allowing her to speak. Because the resolution of Nicks' equitable tolling claim requires credibility and factual determinations, we must remand this matter to the Board for an evidentiary hearing. See § 120.68(7)(a), Fla. Stat.; Brown v. State, Dep't. of Financial Services, 899 So.2d 1246 (Fla. 4th DCA 2005). If the Board (or Department) elects not to afford Nicks a hearing on his equitable tolling claim, it may simply accept his factual allegations as true, and afford him a hearing to contest the factual allegations of the administrative complaint.
REVERSED AND REMANDED.
TORPY and EVANDER, JJ., concur.
NOTES
[1] More specifically, these facts would support the Board's findings that Nicks violated section 489.129(1)(m) by committing incompetency or misconduct in the practice of contracting; violated section 489.129(1)(n), Florida Statutes, by committing gross negligence, repeated negligence, or negligence resulting in a significant danger to life or property; and, violated section 489.129(1)(j), Florida Statutes, by abandoning a construction project by terminating the project without just cause. Nicks argues that even if he waived his right to contest the factual allegations of the administrative complaint, the Department was still required to prove those facts with competent, substantial evidence before it could take action against his license. In making this argument, Nicks cites to Scott v. Dep't of Professional Regulation, 603 So.2d 519 (Fla. 1st DCA 1992). We reject Nicks' argument. When a party waives the right to challenge the factual allegations of an administrative complaint, either by requesting an informal hearing pursuant to section 120.57(2), Florida Statutes, or by failing to respond to the complaint at all, the facts of the complaint are deemed to be admitted. See Fla. Admin. Code R. 28-106.111(2) & (4); § 120.569(2)(c); Autoworld of America Corp. v. Dep't of Highway Safety, 754 So.2d 76, 77 (Fla. 3d DCA 2000) (recognizing that when the facts alleged in the administrative complaint are not disputed "[t]his leaves only conclusions of law to be drawn as to whether the admitted facts constitute a violation of the statutes as charged and penalties to be imposed"); see also Hime v. Fla. Real Estate Comm'n, 61 So.2d 182, 183 (Fla.1952) (recognizing that "the rule appears to be general that where the information specifies the charge and no defense is offered and a default is taken, the order of suspension may not require a finding of fact to support it"). The only issues remaining after a waiver are the conclusions of law to be drawn (i.e., whether the admitted facts constitute a violation of the statutes as charged), and the penalties to be imposed.
[2] Section 489.129(1), Florida Statutes, provides that the Board may take disciplinary action, including revocation of the contractor's license, if the licensee is guilty of any subsection, including 1(m), (n), and (j).