HAZOURI, J.
Raymond Hurley appeals from a final order of the Construction Industry Licensing Board. The order granted the Department of Business and Professional Regulation’s motion requesting that the Board find that Hurley had waived his right to dispute the material facts alleged in the Department’s complaint against him by failing to request a formal hearing within twenty-one days after receiving the complaint. Upon finding waiver, the Board also found that Hurley violated various provisions of chapter 489, Florida Statutes, and revoked his general contractor’s license, assessed fines, and ordered restitution.
Because we agree with Hurley that equitable tolling may apply in this case to preclude the Board from finding waiver, we reverse and remand for an evidentiary hearing on the limited issue of whether equitable tolling applies to excuse Hurley’s failure to request a hearing to dispute the material facts alleged in the complaint against him. See Nicks v. Dep’t of Bus. & Prof'l, Etc., 957 So.2d 65, 68 (Fla. 5th DCA 2007); see also Brown v. State, Dep’t of Fin. Servs., 899 So.2d 1246, 1247-48 (Fla. 4th DCA 2005); Avante, Inc. v. Agency for Health Care Admin., 722 So.2d 965, 966 (Fla. 1st DCA 1998). Alternatively, the Board or Department may elect not to *360 afford Hurley a hearing on his equitable tolling claim, and instead accept his factual allegations as true, and afford him a hearing to contest the factual allegations of the administrative complaint. See Nicks, 957 So.2d at 68.

Reversed and Remanded.

KLEIN and TAYLOR, JJ., concur.