# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1417
Lower Tribunal No. 2018-048025. License No. CGS 1515401
_____

**Carlos E. Rodriguez,**
Appellant,

vs.

**Department of Business and Professional Regulation,**
Appellee.

An appeal from the Department of Business and Professional Regulation, Construction Industry Licensing Board.

Carlos E. Rodriguez, in proper person.

Joseph Yauger Whealdon, III, Chief Legal Counsel (Tallahassee), for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Carlos Rodriguez, challenges a final administrative order of the Construction Industry Licensing Board finding he violated various provisions of chapter 489, Florida Statutes. The order determined that Rodriguez waived his right to dispute the material facts alleged in the administrative complaint by failing to request a formal hearing within twenty-one days of receiving notice. On appeal, Rodriguez contends the failure to provide him with actual notice of the underlying administrative complaint deprived him of due process and, alternatively, invokes the doctrine of equitable tolling to excuse his noncompliance with the twenty-one-day time limit. We conclude the Department's compliance with the notice provisions set forth in section 455.275, Florida Statutes, satisfied due process and reverse and remand for the limited purpose of resolving the tolling claim.

**BACKGROUND**

Rodriguez, a certified general contractor, served as the primary qualifying agent for Denika Construction, Inc. On May 5, 2018, Pierre Boumerhi contracted with Rodriguez and Denika for the construction of a single-family residence and boat dock. Construction began but was halted when a dispute arose between the parties. Boumerhi then filed a complaint with the Department of Business and Professional Regulation, contending Rodriguez abandoned the project.

2

On August 19, 2019, the Department filed a dual-count administrative complaint against Rodriguez, alleging violations of sections 489.129(1)(i) and 489.129(1)(j), Florida Statutes. See § 489.129(1)(i),(j), Fla. Stat. (authorizing disciplinary action "if the contractor . . . is found guilty of any of the following acts: . . . (i) Failing in any material respect to comply with the provisions of this part or violating a rule or lawful order of the board. (j) Abandoning a construction project in which the contractor is engaged or under contract as a contractor").

The record before us reflects that copies of the complaint, along with accompanying correspondence, were forwarded to Rodriguez's last known address of record by means of certified mail, as well as regular mail and e-mail. After the certified mail was returned unclaimed, the Department left a message at Rodriguez's last known telephone number, posted a notice on the front page of its website, and sent notice by e-mail to all newspapers of general circulation and news departments of broadcast network affiliates in six counties, including the county of Rodriguez's last known address.

Rodriguez failed to respond, and the Department requested the entry of a finding he had waived his right to dispute the material facts alleged in the complaint by failing to seek a formal hearing within twenty-one days after receiving notice. The Board granted the request, determined he committed

3

the charged violations, placed him on probation, and assessed an administrative fine and restitution.  The instant appeal ensued.

## STANDARD OF REVIEW

We review an issue of law in a final administrative order de novo.  See Art. V, § 21, Fla. Const. ("In interpreting a state statute or rule, a state court or an officer hearing an administrative action pursuant to general law may not defer to an administrative agency's interpretation of such statute or rule, and must instead interpret such statute or rule de novo."); Lakeland Reg'l Med. Ctr., Inc. v. State, Agency for Health Care Admin., 917 So. 2d 1024, 1029 (Fla. 1st DCA 2006).

## ANALYSIS

The hallmarks of procedural due process are notice and an opportunity to be heard, the deprivation of which constitutes error.  See Amend. XIV, U.S. Const.; Art. I, § 9, Fla. Const.  "The manner in which due process protections apply vary with the character of the interests and the nature of the process involved."  Dep't of Law Enf't v. Real Prop., 588 So. 2d 957, 960 (Fla. 1991) (citations omitted).  Accordingly, in an administrative proceeding, due process has been described as a "flexible concept."  Erwin v. State, Dept. of Pro. & Occupational Regul., Div. of Pros., Fla. State Bd. of Dentistry, 320 So. 2d 2, 4 (Fla. 2d DCA 1975); see also Cafeteria & Rest. Workers

4

Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 895 (1961) ("The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.") (citations omitted). In this context, the legislature is charged with determining "by what process and procedure legal rights may be asserted and determined provided that the procedure adopted affords reasonable notice and a fair opportunity to be heard before rights are decided." Citizens of State v. Fla. Pub. Serv. Comm'n, 146 So. 3d 1143, 1154 (Fla. 2014) (citation omitted).

Section 455.275, Florida Statutes, governs the service of the administrative complaint. Under the statute, initial attempts at service are to be made by regular and certified mail, as well as by e-mail, if possible, at the licensee's "last known address of record." § 455.275(3)(a), Fla. Stat. In the event these methods fail to yield "proof of service," a term undefined under the statute, the Department must:

> [C]all the last known telephone number of record and cause a short, plain notice to the licensee to be posted on the front page of the department's website and shall send notice via e-mail to all newspapers of general circulation and all news departments of broadcast network affiliates in the county of the licensee's last known address of record.

§ 455.275(3)(b), Fla. Stat.

Here, the final judgment reflects "[s]ervice of the Administrative Complaint was made upon [Rodriguez] by Certified Mail," without reference

5

to other methods of service. Several courts, including our highest, have concluded the "use of mailed notice meets state and federal due process requirements" in administrative proceedings. Shelley v. State, Dep't of Fin. Servs., 846 So. 2d 577, 577 (Fla. 1st DCA 2003) (citations omitted); see Dusenbery v. United States, 534 U.S. 161, 162 (2002) (holding state attempts to provide notice by certified mail satisfied due process requirements); see also Keys Citizens For Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 949 (Fla. 2001) ("[T]he additional procedural safeguard of actual notice urged by Citizens would add a tremendous burden and expense . . . and would have little value as all Florida property owners are already on notice that mandatory connection is required by law."). Nonetheless, in the instant case, although entirely conceivable the regular mailing "reache[d] the addressee uneventfully," the certified mail went unclaimed. Shelley, 846 So. 2d at 577.

In ensuring a notice procedure is constitutionally sufficient, "the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Jones v. Flowers, 547 U.S. 220, 229 (2006) (citation omitted). Applying this broad principle here, due process arguably required a reasonable further effort to communicate the existence of the administrative complaint to the addressee. See id. at 225 (holding that

6

"when mailed notice of a tax sale is returned unclaimed," the state must take additional reasonable steps to provide notice).

Although not referenced in the final judgment, the record before us reflects the Department complied with the additional statutory safeguards by engaging in telephonic communication and effectuating constructive notice. Mindful it is the prerogative of the legislature "to determine the extent and character of the notice which shall be given," we conclude this combination of efforts was sufficient to afford due process protection. Dawson v. Saada, 608 So. 2d 806, 808 (Fla. 1992); see also Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations omitted).

Rodriguez further invokes the doctrine of equitable tolling to avoid his obligation to respond to the allegations in the complaint within twenty-one days. Such a claim is plainly available pursuant to Florida Administrative Code Rule 28-106.111(4). See Fla. Admin. Code R. 28-106.111(4) ("Any person who receives written notice of an agency decision and who fails to file a written request for a hearing within [twenty-one] days waives the right to request a hearing on such matters. This provision does not eliminate the

availability of equitable tolling as a defense.").  Accordingly, we reverse and remand for an evidentiary hearing on the limited issue of whether equitable tolling applies to excuse Rodriguez's failure to request a hearing to dispute the material facts alleged in the complaint against him.  See Hurley v. Dep't of Bus. and Pro. Regul., 965 So 2d 359, 359 (Fla. 4th DCA 2007); Nicks v. Dep't of Bus. & Pro., Etc., 957 So. 2d 65, 68 (Fla. 5th DCA 2007); Brown v. State, Dep't of Fin. Servs., 899 So. 2d 1246, 1247-48 (Fla. 4th DCA 2005); Avante, Inc. v. Agency for Health Care Admin., 722 So. 2d 965, 966 (Fla. 1st DCA 1998)).  Alternatively, the Board or Department may elect not to afford Rodriguez a hearing on his equitable tolling claim and instead accept his factual allegations as true and allow a hearing to contest the factual allegations of the administrative complaint.  See Nicks, 957 So. 2d at 68.

Affirmed in part, reversed in part, and remanded.