# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0322
Lower Tribunal No. 2021-0021535
_____

**Yusmary Garcia Riveron**,
Appellant,

vs.

**State of Florida, Agency for Health Care Administration,**
Appellee.

An appeal from the State of Florida, Agency for Health Care Administration.

Yusmary Garcia Riveron, in proper person.

Eugenia Keough Rains, Senior Attorney (Tallahassee), for appellee.

Before FERNANDEZ, C.J., and MILLER, and BOKOR, JJ.

MILLER, J.

Before us for review is a final order of the Agency for Health Care Administration ("AHCA") terminating appellant, Yusmary Garcia Riveron, with cause, from participation in the Florida Medicaid Program. The order cites section 409.913, Florida Statutes (2021), which permits AHCA to terminate Medicaid participation upon information the provider is not in compliance with specified regulatory provisions. It was entered after Garcia Riveron failed to request an administrative hearing within twenty-one days of receiving notice of AHCA's intended action.

On appeal, Garcia Riveron contends she is entitled to equitable tolling due, in part, to certain pandemic-related events beyond her control. Such a claim is plainly available under Florida Administrative Code Rule 28-106.111(4), and here, entitlement to relief turns on undeveloped factual issues. We decline to consider those issues in the first instance and instead remand for an evidentiary hearing on the limited issue of whether equitable tolling applies to excuse the failure to request a hearing. See Hurley v. Dep't. of Bus. & Pro. Regul., 965 So. 2d 359, 359 (Fla. 4th DCA 2007) (remanding for evidentiary hearing on whether equitable tolling operates to excuse contractor's failure to timely request a hearing); see also Nicks v. Dep't of Bus. & Pro. Etc., 957 So. 2d 65, 68 (Fla. 5th DCA 2007) ("Because the resolution of [appellant's] equitable tolling claim requires credibility and

factual determinations, we must remand this matter to the [Construction Industry Licensing] Board for an evidentiary hearing."); Brown v. State, Dep't of Fin. Servs., 899 So. 2d 1246, 1247–48 (Fla. 4th DCA 2005) (same); Avante, Inc. v. Agency for Health Care Admin., 722 So. 2d 965, 966 (Fla. 1st DCA 1998) (same); § 120.68(7)(a), Fla. Stat. (2022) ("The court shall remand a case to the agency for further proceedings . . . when it finds that . . . [t]here has been no hearing prior to agency action and the reviewing court finds that the validity of the action depends upon disputed facts . . . ."). Alternatively, the Agency may elect not to afford Garcia Riveron a hearing on her equitable tolling claim, and instead accept her factual allegations as true, and afford her a hearing to contest the factual allegations of the administrative complaint. See Hurley, 965 So. 2d at 359–60 (citing Nicks, 957 So. 2d at 68).

Remanded.